**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3091
_____

UNITED STATES OF AMERICA

v.

ALFUQUAN TURNER,
Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-19-cr-00763-001)
District Judge: Honorable William J. Martini
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
February 6, 2024

Before: HARDIMAN, SCIRICA, and SMITH, *Circuit Judges*.

(Filed:  February 21, 2024)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Alfuquan Turner appeals his conviction under the Hobbs Act. He claims the Government failed to prove that his robbery affected interstate commerce. We will affirm.

I

A jury convicted Turner of one violation of the Hobbs Act, 18 U.S.C. § 1951(a), for his 2019 robbery of Harrison Taxi, which was located just outside Newark, New Jersey. A dispatcher for the company, Kristina Morin, testified at trial. Morin explained that Harrison Taxi provided service to both New Jersey and New York. A small business, the company had just three to five drivers and one dispatcher who staffed the office. Customers ordered rides either by calling Morin or by speaking with her in person at the office.

Morin and the drivers communicated through two-way radios, the office phone, or her personal cellphone. Customers paid their fares in cash, and the drivers gave their profits to the dispatcher after each shift for storage in the office safe. While there often was money in the safe, Turner picked the wrong moment to rob Harrison Taxi; the safe was empty because a manager had recently collected the cash.

On the day of the robbery, Morin was working alone in the office when Turner entered, brandishing a knife, and repeatedly demanded money. When Morin told Turner there was no money on site, he grabbed her personal cellphone. She tried to retrieve it, but Turner punched her and put her in a chokehold until she passed out. Turner then fled, stealing Morin's headphones and ankle bracelet along with her cellphone. After regaining

2

consciousness, Morin called the police and was taken to the hospital in an ambulance. A video recording from a security camera showed that Turner's robbery lasted around three minutes.

The Government played some of the security camera video footage at trial. The video had sound and, as Morin explained, the audible radio static indicated that the drivers were trying to contact her on the radio, "probably . . . to let [her] know that they were vacant or picked up." App. 114. At one point in the video, a voice said "49" over the radio, and Morin testified that this was a taxi driver identifying his vehicle number as he tried to reach her. The footage also recorded the office phone ringing once while Morin was incapacitated. Incoming calls on the office phone were usually customers or drivers calling to coordinate service.

After the Government called additional witnesses and rested its case, Turner moved for a judgment of acquittal under Rule 29(a) of the Federal Rules of Criminal Procedure. He argued that the Government's evidence could not support a conviction under the Hobbs Act because it did not show Turner's actions affected interstate commerce. The District Court heard argument on Turner's motion but reserved judgment on it pending the jury's verdict. After the jury convicted Turner, he renewed his motion for a judgment of acquittal. The District Court denied his motion, and Turner timely appealed.

3

II[1]

The Hobbs Act covers any robbery that "in any way or degree obstructs, delays, or affects [interstate] commerce or the movement of any article or commodity in [interstate] commerce . . . or attempts . . . so to do." 18 U.S.C. §§ 1951(a), (b)(3).

Turner makes one argument on appeal. He claims the evidence was insufficient to establish that his robbery of Harrison Taxi affected interstate commerce. After viewing the evidence in the light most favorable to the Government, *United States v. Zayas*, 32 F.4th 211, 216–17 (3d Cir. 2022), *cert. denied*, 143 S. Ct. 830 (2023), we disagree for three reasons.

First, a jury could find that Harrison Taxi was engaged in interstate commerce because Morin testified that the company shuttled passengers between New Jersey and New York.

Second, a jury could find that Turner's robbery affected interstate commerce by temporarily obstructing or delaying Harrison Taxi's service to its customers. *See* 18 U.S.C. § 1951(a). Morin's testimony, coupled with the security camera footage, sufficed for a jury to conclude that the robbery prevented Morin from answering radio calls from taxi drivers and a phone call from either a driver or a customer.

Third, a jury could find that Turner's robbery sought to affect interstate commerce. 18 U.S.C. § 1951(a). The depletion of a company's financial resources affects interstate

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the District Court's "denial of a motion for judgment of acquittal based on the sufficiency of the evidence." *United States v. Zayas*, 32 F.4th 211, 216 (3d Cir. 2022), *cert. denied*, 143 S. Ct. 830 (2023).

4

commerce, and Turner tried to steal Harrison Taxi's money but failed only because the safe was empty. *See United States v. Urban*, 404 F.3d 754, 762 (3d Cir. 2005). A jury could find that Turner violated the Hobbs Act because, if he had taken the company's money, one of the "natural consequences of [his] robbery"—the depletion of assets— "would [have] result[ed] in an effect on interstate commerce." *United States v. Powell*, 693 F.3d 398, 405 (3d Cir. 2012) (cleaned up) (quoting *Urban*, 404 F.3d at 762).

\*　　\*　　\*

For these three reasons, a rational jury could have found that the Government established that Turner's robbery affected interstate commerce. We will affirm.

5